UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ALASSANE FALL, ABIBOU GUEYE, KARMA DORJEE,
MD M HAQUE, DONNA BALDA-ANDALORO

                      Plaintiffs,

         -against-

                                                            **COMPLAINT**

                                                                   **12 Civ No. 6755 (AKH)**
                                                                    **ECF Case**

                                                                   **JURY TRIAL DEMANDED**

CITY OF NEW YORK; individually and in her official capacity
 as New York City Police Lieutenant DENISE CONNOLLY
(Shield No. 240); individually and in his official capacity as
New York City Police Sergeant JOSEPH TAYLOR
(Shield No. 4034), and JOHN DOES 1-5.
                                                Defendants.
----------------------------------------------------------------------x

      Plaintiffs ALASSANE FALL, ABIBOU GUEYE, KARMA DORJEE, MD M HAQUE, and DONNA BALDA-ANDALORO by their attorneys, the URBAN JUSTICE CENTER, as and for their COMPLAINT against Defendants, allege the following:

**PRELIMINARY STATEMENT**

1. This is a civil rights action to vindicate Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983. Plaintiffs are licensed street vendors who work in downtown Manhattan selling various foods, merchandise, and artwork. On May 17, 2012 Defendants, along with a team of police officers from the First Precinct of the New York City Police Department ("NYPD"), without any warning, did a sweep of lower Broadway and unlawfully seized Plaintiffs' pushcarts, tables, food, merchandise, and other property in violation of the New York City ("NYC") Administrative Code, and the Fourth and Fourteenth Amendments to the United States Constitution. Even after Plaintiffs attempted to

1

leave the area with their property, Defendants used a flatbed truck to confiscate all of Plaintiffs' property, depriving them of their occupation which supports themselves and their families.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction pursuant to 28 U.S.C §§1331, 1343(a)(3) and 1343(a)(4) as this is a civil rights action arising under the United States Constitution.

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 because the events that gave rise to the claims arose in this district.

### PARTIES

4. Plaintiff ALASSANE FALL is a Senegalese immigrant and licensed street vendor who has sold cell phone cases and accessories in the Soho neighborhood of Manhattan since 2005.

5. Plaintiff ABIBOU GUEYE is a Senegalese immigrant and licensed street vendor who has sold sunglasses and jewelry in the Soho neighborhood of Manhattan since 2002.

6. Plaintiff KARMA DORJEE is a Tibetan immigrant and expressive matter vendor who has sold photographs in the Soho neighborhood of Manhattan since 2010.

7. Plaintiff MD M HAQUE is a Bangladeshi immigrant and mobile food vendor who has sold hot dogs in the Soho neighborhood of Manhattan since 2011.

8. Plaintiff DONNA BALDA-ANDALORO is a disabled United States military veteran and licensed general vendor who has sold art and jewelry in the Soho neighborhood of Manhattan since approximately 2005.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the state of New York.

10. Defendant Lieutenant DENISE CONNOLLY is sued in her individual and official capacity as a New York City police lieutenant and acted within the scope of her employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

11. Defendant Sergeant JOSEPH TAYLOR is sued in his individual and official capacity as a New York City police sergeant and acted within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

12. Defendant JOHN DOES at all relevant times, were police officers, non-uniformed employees, and supervisory officers of the City of New York, the identity and number of whom is presently unknown.

**FACTUAL AND GENERAL ALLEGATIONS**

13. This case stems from a history of complaints lodged against street vendors on Broadway in the Soho neighborhood of Manhattan. For example, on November 17, 2011, there was a meeting of Manhattan Community Board 2 where some residents of Soho complained about the amount of vendors that work on Broadway. See Andrea Swalec, *"Soho Latest Neighborhood to Fight Against Food Trucks"* available at http://www.dnainfo.com/new-york/20111117/greenwich-village-soho/soho-latest-neighborhood-fight-against-food-trucks.
As a result of these and similar complaints made by a few residents, the NYPD engaged in aggressive and illegal enforcement which resulted in the raid that happened on May 17, 2012.

NYPD Inspector Rick Lee from the First Precinct was present at that meeting and stated that enforcement would be increased as a result of the complaints. See Id.

14. On May 17, 2012 at approximately 2:00 p.m., Defendants arrived on Broadway in the SoHo neighborhood of Manhattan where Plaintiffs were legally vending. Defendants asked Plaintiffs for their licenses and other identification and told them that they needed to pack up all their merchandise and other property. Plaintiffs packed up their merchandise and waited for their identification to be returned.

15. Plaintiff Alassane Fall was issued a Notice of Violation ("NOV") for an alleged violation of New York City ("NYC") Administrative Code §20-465(d)[1] for allegedly vending within twenty feet of a doorway. Plaintiff was vending in a legal location, more than twenty feet from the nearest entranceway and the NOV was later dismissed by an administrative law judge at the Environmental Control Board.

16. Plaintiff Karma Dorjee was issued a NOV for an alleged violation of NYC Administrative Code §20-465(e)[2] for vending within a bus stop. Plaintiff, however, was not vending within any bus stop and the NOV was later dismissed by an administrative law judge at the Environmental Control Board.

17. Plaintiff Abibou Gueye was issued a NOV for an alleged violation of NYC Administrative Code §20-465(b)[3] for having a cart/stand that was more than five feet high.

---

[1] §20-465(d) states, "[n]o vending pushcart, stand or goods shall be located against display windows of fixed location businesses, nor shall they be within twenty feet from an entranceway to any building, store, theatre, movie house, sports arena or other place of public assembly."

[2] §20-465(e) states, "[n]o general vendor shall vend within any bus stop or taxi stand, or within ten feet of any driveway, any subway entrance or exit, or any corner. For purposes of this subdivision, ten feet from any corner shall be measured from a point where the property line on the nearest intersecting block face, when extended, meets the curb."

[3] §20-465(b) states, "[n]o general vendor shall occupy more than eight linear feet of public space parallel to the curb in the operation of a vending business and, in addition, no general vendor operating any vending business on any sidewalk shall occupy more than three linear feet to be measured from the curb toward the property line."

4

Plaintiff, however, was not in violation of §20-465(b) and the NOV was later dismissed by an administrative law judge at the Environmental Control Board.

18. Plaintiff MD M Haque was issued a NOV for an alleged violation of §17-315(d)[4] for vending within twenty feet of an entranceway. This NOV was later adjudicated by an administrative law judge at the Environmental Control Board.

19. Plaintiff Donna Balda-Andaloro was issued a summons for an alleged violation of §20-465(e) for vending within a bus stop. Plaintiff, however was not vending within any bus stop and the NOV was later dismissed by an administrative law judge at the Environmental Control Board.

20. After Plaintiffs received the NOVs they attempted to leave their vending locations with their merchandise but were prevented by Defendants who seized all of Plaintiffs' business property. Defendants told Plaintiff Alassane Fall that they were going to "take fucking everything."

21. After Defendants seized all of Plaintiffs' merchandise and vending equipment, Plaintiffs Alassane Fall, Abibou Gueye, and Karma Dorjee, along with a representative from the Urban Justice Center went to the First Precinct of the New York City Police Department ("NYPD") to attempt to retrieve their property and were told that they could not receive their property back until the NOVs had been adjudicated.

22. The following day, on May 18, 2012, Plaintiffs appeared at the Environmental Control Board for hearings on the NOVs. The NOVs issued to Plaintiffs Alassane Fall, Karma Dorjee, Abibou Gueye, and Donna Balda-Andaloro were dismissed by administrative law judges the same day. Plaintiffs Alassane Fall, Karma Dorjee, and Abibou Gueye then went to the New

---

[4] §17-315(d) states, "[n]o vending pushcart shall be located against display windows of fixed location businesses, nor shall they be within twenty feet of an entranceway to any building, store, theatre, movie house, sports arena or other place of public assembly."

York City Law Department to obtain property release letters and then retrieved their property from the First Precinct. Some of Plaintiff Abibou Gueye's merchandise was missing.

23. Plaintiff Donna Balda-Andaloro attempted to go the precinct to retrieve her property after the hearing at the Environmental Control Board but was told that she could not receive her property until the next Monday. On Monday, May 21, 2012, Plaintiff Balda-Andaloro went to the First Precinct again and was finally able to retrieve her property however, some of her merchandise had been damaged. Defendants continue to issue Plaintiff NOVs for alleged violations of §20-465(e) despite the administrative law judge's ruling that she was not vending within any bus stop.

## DAMAGES

24. As a direct and proximate cause of the said acts of Defendants, Plaintiffs suffered the following injuries and damages:

 a. Violations of their rights under the Fourth and Fourteenth Amendments of the United States Constitution; and

 b. economic damages including loss of property and loss of income.

## CAUSES OF ACTION

### COUNT I – 42 USC § 1983 – UNREASONABLE SEIZURE

25. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

26. By their conduct, under color of law, Defendants deprived Plaintiffs of their constitutional rights to be free from unreasonable searches and seizures by unlawfully seizing their property.

### COUNT III – 42 USC § 1983 – PROCEDURAL DUE PROCESS

27. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

28. By their conduct, under color of law, Defendants deprived Plaintiffs of their property without due process of law.

### COUNT IV – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

29. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

30. By their conduct, under color of law, Defendants denied Plaintiffs their right to due process by depriving them of their property and occupation for arbitrary or irrational reasons.

### COUNT V – 42 USC § 1983 – MONELL CLAIM

31. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

32. New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors selling at unrestricted locations, which caused the violation of Plaintiffs' rights.

33. It was the policy and custom of the City to train, supervise and discipline officers, including the Defendant officers, inadequately with respect to the rights of licensed street vendors selling at legal locations, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

34. As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiffs' constitutional rights for which they suffered damages.

WHEREFORE, Plaintiffs request the following relief jointly and severally as against all the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs, and attorneys' fees; and

4. Such other and further relief as this Court may seem deem just and proper.

Dated:  New York, New York
September 6, 2012

                                                    Respectfully submitted,

SEAN BASINSKI / SB3597
Urban Justice Center
*Attorneys for Plaintiffs*
123 William Street, 16th Floor
New York, NY 10038
(646) 602-5679 phone
(212) 533-4598 fax

8