UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALASSANE FALL, ABIBOU GUEYE, and
KARMA DORJEE,

         Plaintiffs,

         v.

CITY OF NEW YORK; individually and in her
official capacity as New York City Police
Lieutenant DENISE CONNOLLY (Shield No.
240); individually and in his official capacity as
New York City Police Sergeant JOSEPH
TAYLOR (Shield No. 4034), and JOHN DOES
1-5,

         Defendants.

------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

**12 Civ No. 6755 (AKH)(JLC)**
**ECF Case**

**JURY TRIAL DEMANDED**



## FIRST AMENDED COMPLAINT

Plaintiffs ALASSANE FALL, ABIBOU GUEYE, and KARMA DORJEE by their attorneys, GOODWIN PROCTER LLP, and the URBAN JUSTICE CENTER, as and for their FIRST AMENDED COMPLAINT against Defendants, allege the following:

### PRELIMINARY STATEMENT

1.    This is a civil rights action brought under 42 U.S.C. § 1983 for damages and permanent injunctive and declaratory relief to vindicate Plaintiffs' Fourth and Fourteenth Amendment rights under the United States Constitution and to challenge the Defendants' conduct which runs afoul of the Fourth and Fourteenth Amendments.

2.    Plaintiffs are licensed street vendors who work in downtown Manhattan selling various merchandise. On May 17, 2012, Defendants, along with a team of police officers from the First Precinct of the New York City Police Department ("NYPD"), without any warning, did

a sweep of lower Broadway and unlawfully seized Plaintiffs' pushcarts, tables, merchandise, and other property in violation of the New York City ("NYC") Administrative Code and the Fourth and Fourteenth Amendments to the United States Constitution. Even after Plaintiffs lawfully attempted to leave the area with their property, Defendants confiscated Plaintiffs' property, depriving them of their means to support themselves and their families.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4) as this is a civil rights action arising under the United States Constitution.

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) because the events that gave rise to the claims arose, and threaten to continue to occur, in this district.

## PARTIES

5. Plaintiff ALASSANE FALL is a Senegalese immigrant and licensed street vendor who has sold cell phone cases and accessories in the SoHo neighborhood of Manhattan since 2005.

6. Plaintiff ABIBOU GUEYE is a Senegalese immigrant and licensed street vendor who has sold sunglasses and jewelry in the SoHo neighborhood of Manhattan since 2002.

7. Plaintiff KARMA DORJEE is a Tibetan immigrant and expressive matter vendor who has sold photographs in the SoHo neighborhood of Manhattan since 2010.

8. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the state of New York.

LIBNY/5228176.6

9. Defendant Lieutenant DENISE CONNOLLY is sued in her individual and official capacity as a New York City police lieutenant and acted within the scope of her employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

10. Defendant Sergeant JOSEPH TAYLOR is sued in his individual and official capacity as a New York City police sergeant and acted within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

11. Defendants JOHN DOES at all relevant times, were police officers, non-uniformed employees, and supervisory officers of the City of New York, the identity and number of whom is presently unknown.

## FACTUAL AND GENERAL ALLEGATIONS

12. Plaintiffs are street vendors who possess all licenses and other paperwork required to sell their items on the streets in New York City. Plaintiffs sell a variety of merchandise, and support themselves and their families through the sales of their merchandise. If Plaintiffs are deprived of their merchandise, they are deprived of their personal property and their ability to earn income and make a living.

13. This case stems from a history of complaints lodged against street vendors who were lawfully applying their trade on Broadway in the SoHo neighborhood of Manhattan.

14. For example, on or about November 17, 2011, at a meeting of Manhattan Community Board 2, some residents of SoHo complained about the number of vendors working on Broadway. *See* Andrea Swalec, "SoHo Latest Neighborhood to Fight Against Food Trucks" available at http://www.dnainfo.com/new-york/20111117/greenwich-village-soho/soho-latest-

LIBNY/5228176.6

neighborhood-fight-against-food-trucks. Following these and similar complaints made by some residents, the NYPD engaged in aggressive and illegal enforcement which resulted in the raid that happened on May 17, 2012. NYPD Inspector Rick Lee from the First Precinct was present at that meeting and stated that enforcement would be increased as a result of the complaints. *See id.*

15. On May 17, 2012 at approximately 2:00 p.m., Defendants arrived on Broadway in the SoHo neighborhood of Manhattan where Plaintiffs were legally vending. Defendants asked Plaintiffs for their licenses and other identification and told them that they needed to pack up all their merchandise and other property. Plaintiffs packed up their merchandise and waited for their identification to be returned.

16. Plaintiff Alassane Fall was issued a Notice of Violation ("NOV") for an alleged violation of NYC Administrative Code §20-465(d)[1] for allegedly vending within twenty feet of a doorway. Plaintiff was lawfully vending in a permissible location, more than twenty feet from the nearest entranceway, and the NOV was later dismissed by an administrative law judge at the Environmental Control Board.

17. Plaintiff Karma Dorjee was issued a NOV for an alleged violation of NYC Administrative Code §20-465(e)[2] for vending within a bus stop. Plaintiff, however, was not vending within any bus stop and the NOV was later dismissed by an administrative law judge at the Environmental Control Board.

---

[1] §20-465(d) states, "[n]o vending pushcart, stand or goods shall be located against display windows of fixed location businesses, nor shall they be within twenty feet from an entranceway to any building, store, theatre, movie house, sports arena or other place of public assembly."

[2] §20-465(e) states, "[n]o general vendor shall vend within any bus stop or taxi stand, or within ten feet of any driveway, any subway entrance or exit, or any corner. For purposes of this subdivision, ten feet from any corner shall be measured from a point where the property line on the nearest intersecting block face, when extended, meets the curb."

18.     Plaintiff Abibou Gueye was issued a NOV for an alleged violation of NYC Administrative Code §20-465(b)[3] for having a cart/stand that was more than five feet high. As a preliminary matter, Defendants wrote this NOV in error, as NYC Administrative Code §20-465(b) does not govern the height of street vendor carts/stands. Rather, NYC Administrative Code §20-465(n)[4] governs the height of street vendor carts/stands. Furthermore, Plaintiff was not in violation of either §20-465(b) or §20-465(n) and the NOV was later dismissed by an administrative law judge at the Environmental Control Board.

19.     After Plaintiffs received the NOVs they attempted to leave their permissible vending locations with their merchandise but were prevented by Defendants who seized all of Plaintiffs' business property. Defendants told Plaintiff Alassane Fall that they were going to "take fucking everything."

20.     Plaintiffs were given no opportunity to be heard, let alone a formal pre-deprivation hearing prior to their property being confiscated. Additionally, under the NYC Administrative Code, there is no provision allowing law enforcement to confiscate a vendor's merchandise for alleged violation of §20-465(d) under which Plaintiff Alassane Fall was issued a

---

[3] §20-465(b) states, "[n]o general vendor shall occupy more than eight linear feet of public space parallel to the curb in the operation of a vending business and, in addition, no general vendor operating any vending business on any sidewalk shall occupy more than three linear feet to be measured from the curb toward the property line."

[4] §20-465(n) states, "[n]o general vendor shall vend using the surface of the sidewalk, or a blanket or board placed immediately on the sidewalk or on top of a trash receptacle or cardboard boxes to display merchandise. No general vendor display may exceed five feet in height from ground level. The display may not be less than twenty-four inches above the sidewalk where the display surface is parallel to the sidewalk, and may not be less than twelve inches above the sidewalk where the display surface is vertical. Where a rack or other display structure is placed on top of or above a table or other base, the size of the base shall not be less than the size of the display structure placed thereon. Nothing shall be placed on the base so as to exceed the size limitations contained in this section. No general vendor shall use any area other than that area immediately beneath the surface of the display space for the storage of items for sale."

LIBNY/5228176.6

NOV, or for alleged violation of §20-465(n) under which Plaintiff Abibou Gueye was issued a NOV.[5]

21. After Defendants seized all of Plaintiffs' merchandise and vending equipment, Plaintiffs, along with a representative from the Urban Justice Center, went to the First Precinct of the NYPD to attempt to retrieve their property and were told that they could not receive their property back until the NOVs had been adjudicated.

22. The following day, on May 18, 2012, Plaintiffs appeared at the Environmental Control Board for hearings on the NOVs. The NOVs issued to Plaintiffs were dismissed by administrative law judges the same day. Plaintiffs then went to the New York City Law Department to obtain property release letters and then retrieved their property from the First Precinct. Some of Plaintiff Abibou Gueye's merchandise was missing. Some of Plaintiff Alassane Fall's merchandise was damaged.

23. Defendants continue to issue Plaintiffs NOVs for alleged violations of §20-465, despite the administrative law judges' rulings that Plaintiffs were not in violation of any §20-465 subsections on the date in question.

    a. Plaintiff Karma Dorjee was issued NOVs for violation of NYC Administrative Code §20-465(d) on June 7, 2012 and September 20, 2012. The June 7, 2012 NOV has already been subsequently dismissed, and the September 20, 2012 NOV is pending a hearing date.

    b. Plaintiff Alassane Fall was issuned a NOV on September 7, 2012 for violation of NYC Administrative Code §20-465(d) and 6 New York City Rules & Regulations §2-

---

[5] As explained in ¶18, *supra*, Defendants erroneously issued Plaintiff Abibou Gueye a NOV under §20-465(b) for having a cart/stand over five feet high—conduct which is actually governed by §20-465(n).

307(b)[6], and on September 20, 2012 for violation of NYC Administrative Code §20-465(n), (b), and (d). Each of these NOVs is pending a hearing date.

## DAMAGES

24. As a direct and proximate cause of the said acts of Defendants, Plaintiffs suffered the following injuries and damages:

   a. Violations of their rights under the Fourth and Fourteenth Amendments of the United States Constitution; and

   b. Economic damages including loss of property, loss of income, and loss of the ability to conduct business.

25. Plaintiffs are threatened with irreparable harm by the continuation of Defendants' issuing and threatening to issue NOVs for alleged violations of §20-465, and subsequent confiscation of Plaintiffs' merchandise without any pre-deprivation opportunity to be heard.

## CAUSES OF ACTION

### COUNT I – 42 USC §1983 – UNREASONABLE SEIZURE

26. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

27. By their conduct, under color of law, Defendants deprived Plaintiffs of their constitutional rights to be free from unreasonable searches and seizures by unlawfully seizing, damaging, and/or permanently depriving them of their property.

28. Plaintiff Alassane Fall's merchandise was seized for a NYC Administrative Code § 20-465(d) violation which does not warrant confiscation of goods.

---

[6] 6 New York City Rules & Regulations §2-307(b) states, "[a]ll items sold or offered for sale by general vendors shall have conspicuously displayed, at the point of offering for sale, the total selling price exclusive of tax by means (1) of stamp, tag or label attached to the item or (2) a sign at the point of display which indicates the item to which the price refers, provided that this information is plainly visible at the point of display for sale of the items so indicated."

29. Plaintiff Abibou Gueye's merchandise was seized for a NYC Administrative Code § 20-465(n) violation which does not warrant confiscation of goods.

30. All Plaintiffs' property was taken for certain violations which they did not even commit.

31. Plaintiffs' property was seized and held overnight, and some of their property was destroyed or permanently misplaced.

32. Accordingly, Defendants have violated Plaintiffs' rights under the Fourth Amendment of the United States Constitution.

### COUNT II – 42 USC §1983 – PROCEDURAL DUE PROCESS

33. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

34. By their conduct, under color of law, Defendants denied Plaintiffs their right to due process by depriving them of their property and occupation for arbitrary or irrational reasons.

35. By their conduct, under color of law, Defendants deprived Plaintiffs of their property without due process of law and failing to allow Plaintiffs any notice and opportunity to be heard prior to confiscating Plaintiffs' property.

36. Accordingly, Defendants have violated Plaintiffs' procedural due process rights under the Fourteenth Amendment of the United States Constitution.

### COUNT III – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

37. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

38. By their conduct, under color of law, Defendants denied Plaintiffs their right to due process under the Fourteenth Amendment of the United States Constitution by depriving them of their property, which is the source of their livelihood, and occupation for arbitrary, irrational, or oppressive reasons when in fact Plaintiffs were not in violation of any law. Defendants' behavior was unjustifiable and shocks the conscience.

39. By their conduct, under color of law, Defendants denied Plaintiff Alassane Fall's right to due process under the Fourteenth Amendments of the United States Constitution by seizing and taking Plaintiff Alassane Fall's property, under color of law, when in fact there is no legal provision allowing law enforcement to confiscate property for violation of NYC Administrative Code §20-465(d).

40. By their conduct, under color of law, Defendants denied Plaintiff Abibou Gueye's right to due process under the Fourteenth Amendments of the United States Constitution by seizing and taking Plaintiff Abibou Gueye's property, under color of law, when in fact there is no legal provision allowing law enforcement to confiscate property for violation of NYC Administrative Code §20-465(n).

41. By seizing, taking, and destroying Plaintiffs' property, under color of law, Defendants deprived Plaintiffs of being able to sell their merchandise which is their source of livelihood. Defendants had no compelling or even rational government interest to seize and/or damage Plaintiffs' property, prevent Plaintiffs from their occupations, and interfere with Plaintiffs' work.

42. Accordingly, Defendants have violated Plaintiffs' substantive due process rights under the Fourteenth Amendment of the United States Constitution.

**COUNT IV – 42 USC §1983 – MONELL CLAIM**

LIBNY/5228176.6

43. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

44. New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors selling at unrestricted locations, which caused the violation of Plaintiffs' rights.

45. It was the policy and custom of the City to train, supervise and discipline officers, including the Defendant officers, inadequately with respect to the rights of licensed street vendors selling at legal locations, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

46. As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiffs' constitutional rights for which they suffered damages.

WHEREFORE, Plaintiffs request the following relief jointly and severally as against all the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs, and attorneys' fees;

4. Enter a permanent injunction enjoining Defendants from conduct that will cause Plaintiffs irreparable harm, including: illegally enforcing §20-465, hindering or preventing Plaintiffs from lawful vending to the extent that Plaintiffs are not in specific violation of NYC Administrative Code §20-465, seizing Plaintiffs' property when it is not authorized under the NYC Administrative Code, seizing Plaintiffs' property without giving Plaintiffs notice and an adequate opportunity to

be heard, and destroying and permanently depriving Plaintiffs of their property; and

5. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York

November 30, 2012

Respectfully submitted,

Plaintiffs
ALASSANE FALL, ABIBOU GUEYE,
KARMA DORJEE

By their attorneys,

_Carla R. Pasquale_

Carla R. Pasquale (SBN 4826012)
Jessica A. Davis (SBN 4789103)
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T: (212) 813-8800
F: (212) 355-3333
cpasquale@goodwinprocter.com
jdavis@goodwinprocter.com

SEAN BASINSKI (SBN 3597)
Urban Justice Center
123 William Street, 16th Floor
New York, NY 10038
(646) 602-5679 phone
(212) 533-4598 fax

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2012, I caused to be filed with the Court by hand and by email a copy of Plaintiffs' First Amended Complaint, pursuant to ECF Rule 18.3, and caused to be served by mail on Defendants' counsel a copy of the same.

*/s/ Carla R. Pasquale*

Carla R. Pasquale
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T: (212) 813-8800
F: (212) 355-3333
cpasquale@goodwinprocter.com